**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LEE ROY SMITH                                                                    PETITIONER
ADC #550687

v.                                        4:25-cv-00806-JJV

DEXTER PAYNE,
Director, ADC                                                              RESPONDENT

<u>**MEMORANDUM AND ORDER**</u>

**I.      BACKGROUND**

Respondent, Dexter Payne, brings this Motion to Dismiss Mr. Smith's Petition for Writ of Habeas Corpus stating that the petition is untimely filed. (Doc. No. 11.) Petitioner, Lee Roy Smith, an inmate at the East Arkansas Regional Unit of the Arkansas Division of Correction, brought a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *pro se*, challenges his conviction out of Little River County, Arkansas.  (Doc. No. 2.)

A jury convicted Mr. Smith in the Circuit Court of Little River County, Arkansas, of maintaining a drug premises and for possession of methamphetamine with the intent to deliver. (Doc. No. 12-1.) The jury sentenced him to consecutive terms of imprisonment for an aggregate sentence of 60 years.  *Id*.  During his trial, Mr. Smith was represented by retained counsel.

The sentencing Order was entered on February 14, 2022, and Mr. Smith, apparently no longer represented by counsel, failed to file a timely notice of appeal for direct review of his convictions.  However, he did file a motion for belated appeal with the Arkansas Supreme Court on May 3, 2023, (Doc. No. 12-2), but  that motion was denied on May 24, 2023. (Doc. No. 12-3.)

Then, on June 5, 2024, Mr. Smith filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, alleging multiple claims of ineffective assistance of

counsel during his trial.  (Doc. No. 12-4.)  After a hearing, the circuit court dismissed the petition, finding Mr. Smith failed to "state any act(s) or error(s) on the part of defense counsel … which prejudiced his case or were the result of unreasonable conduct of counsel.…"  (Doc. No. 12-5.) Additionally, the circuit court found that another inmate wrote Petitioner's motion, and the motion was untimely. *Id.*  Mr. Smith also did not appeal that decision.

In the instant Petition for Writ of Habeas Corpus, Mr. Smith raises four claims for relief: (1) he was denied his right to appeal his convictions; (2) he was denied counsel at a critical stage of the criminal proceeding and was denied the effective assistance of counsel; (3) his Fourth Amendment rights were violated; and (4) there was insufficient evidence to support the convictions.  (Doc. No. 2 at 5-10.)  Respondent counters that Mr. Smith's Petition is barred by the statute of limitations.  (Doc. No. 12 at 3.)  After careful consideration, for the following reasons, I find Respondent's Motion to Dismiss should be granted and the Petition should be dismissed with prejudice.

## II.    ANALYSIS

Mr. Smith's Petition is untimely based upon the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Title 28 U.S.C. § 2244(d)(1) and (2) impose a one-year period of limitation on habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The judgment in Mr. Smith's case was entered on February 14, 2022.[1] He filed no direct appeal. Therefore, under § 2244(d)(1)(A), the limitation period began to run on March 16, 2022 - thirty days after the judgment was entered. *See* Ark. R. App. Proc.-Crim. 2(a) (notice of appeal must be filed within thirty days from date of entry of judgment). Absent any statutory or equitable tolling, the limitation period would have expired March 16, 2023. The analysis ends there.

But giving Mr. Smith all benefit of doubt, I have further considered Mr. Smith's filings in this matter. Mr. Smith filed a Motion for Belated Appeal on May 3, 2023 - outside of the one-year window. (Doc. No. 12-2.) Because this motion was filed outside of the one-year window, it does not toll the statute of limitations. Additionally, Mr. Smith filed a Rule 37 petition on June 10, 2024, also outside of the one-year window. (Doc. No. 12-4.) For the same reason, it does not toll the statute of limitations.

In the recently decided case of *Garrett v. Payne*, No. 23-3553 (8th Cir. 2025), the United States Court of Appeals for the Eighth Circuit held that a motion for belated appeal tolls the statute

---

[1] The Court notes that while Mr. Smith was convicted on January 31, 2022, the sentencing order was not filed until February 14, 2022. *See* (Doc. No. 12-1.) Under Arkansas law, "[t]he judgment of the circuit court may be then and there entered for sentencing and the entry of the judgment may be postponed to a date certain then fixed by the circuit court not more than thirty (30) days thereafter … before the pronouncement of sentence and entry of the formal judgment." Ark. Code Ann. § 16-90-105.

of limitations under 28 U.S.C. § 2244(d)(2). *Garrett v. Payne*, No. 23-3553 at 2 (8th Cir. 2025).

Footnote 1 of Respondent's Motion to Dismiss states "Respondent does not concede that a motion

for belated appeal should toll time as this decision was handed down on October 3, 2025, and the

time to seek rehearing, or to seek certiorari review of the decision in *Garrett*, has not yet expired.

Smith's petition is time-barred regardless of the extra 21 days' tolling he would be entitled to under

*Garrett.*" (Doc. No. 12 at 2 n.1.) While the Court agrees that Mr. Smith's Petition is time-barred

regardless of the applicability of *Garrett*, it is necessary to explain why this is the case.

As previously noted, Mr. Smith was convicted by a jury on January 31, 2022, and the

judgment was entered on February 14, 2022. (Doc. No. 12-1.) In his Brief in Support, Mr. Smith

asserts that he was "denied his right to an appeal due to his retained counsel'[s] unprofessional and

fraudulent acts." (Doc. No. 3 at 1.) Additionally, in his Petition, Mr. Smith asserts "[a]fter

petitioner was convicted, petitioner requested trial counsel to appeal his case. Trial counsel failed

to do so. When petitioner learned that trial counsel never filed an appeal, he filed a motion for

belated appeal which was denied." (Doc. No. 2 at 5.)  The Court cannot find, in any of Mr. Smith's

pleadings or the attached exhibits, a reason given for the direct appeal not being filed by trial

counsel. Mr. Smith claims in his Brief in Support that he was "abandoned after the trial." (Doc.

No. 3 at 3.)

Important in the tolling analysis is when Mr. Smith became aware of "the date on which

the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence." 28 U.S.C. § 2244 (d)(1)(D). The factual predicate of Mr. Smith's claim

is that he was unaware his trial counsel failed to file a direct appeal on his behalf. The record is

unclear exactly when Mr. Smith became aware that his trial counsel did not file a direct appeal.

Mr. Smith does state in his Motion for Belated Appeal that he "was unaware that the attorney

failed to fulfill his obligation to submit appeal. Petitioner became aware after the appeals court stated nothing was pending on the 41CR-21-72 sentencing order." (Doc. No. 12-2 at 2.) While he does not provide the date he learned this information, it is safe to assume that Mr. Smith became aware of the lack of an appeal sometime between his sentencing on January 31, 2022, and his Motion for Belated Appeal on May 3, 2023.

So, in the alternative, giving Petitioner all benefit of the doubt, if the limitation period began on the latest date possible, May 3, 2023 - the date of his belated appeal motion - the time would expire on May 3, 2024, absent any tolling. Mr. Smith filed a Rule 37 petition on June 10, 2024. It was denied on February 6, 2025. (Doc. No. 12-3 and 12-5.) However, the Rule 37 petition does not toll the statute of limitations because it was untimely filed and, therefore, it was not properly filed. *See Nelson v. Norris*, 618 F.3d 886, 890-91 (8th Cir. 2010). The Rule 37 petition also does not toll the time because it was filed outside of the one-year window under § 2244(d)(1)(A). Even if the Court were to find the time tolled while the belated appeal was pending, those 21 days would not help Mr. Smith's Petition because it was filed approximately 15 months too late.

In either situation, whether the time starts on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Mr. Smith's Petition is untimely and thus, must be dismissed.

Mr. Smith's Petition also fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631,

649 (2010). Mr. Smith has not made either showing. Mr. Smith's Petition for Writ of Habeas Corpus is therefore dismissed with prejudice and Respondent's Motion to Dismiss is granted.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV.    CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.      Respondent's Motion to Dismiss (Doc. No. 11) is GRANTED.

2.      Mr. Smith's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED with prejudice.

3.      No certificate of appealability be issued.

DATED this 24th day of October 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE